**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 24, 2020

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 24, 2020

SUSAN L. CARLSON
SUPREME COURT CLERK

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| In re the Personal Restraint of: | ) | No. 97778-0 |
| | ) | |
| IRA MICHAEL CRANSHAW, | ) | EN BANC |
| | ) | |
| Petitioner. | ) | |
| | ) | Filed: September 24, 2020 |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

PER CURIAM—This matter involves the proper calculation of an offender score in an unusual circumstance, which the State concedes resulted in Ira Cranshaw receiving a longer sentence than he would have received if he had been sentenced in the normal manner. A jury found Mr. Cranshaw guilty of several crimes committed against two victims. The convictions included attempted first degree murder of B.B. (count I), three counts of first degree rape of B.B. (counts II, III, and IV), first degree kidnapping of B.B. (count V), harassment of B.B. (count VI), two counts of first degree rape of S.H. (counts VII and VIII), first degree kidnapping of S.H. (count IX), and harassment of S.H. (count X). On direct appeal, Division Two of the Court of Appeals reversed Mr. Cranshaw's convictions as to B.B. and remanded for a new trial on all of the counts involving her (I through VI), but it affirmed his convictions on the counts involving S.H. (counts VII through X) and remanded for resentencing on only those counts. *State v. Cranshaw*, noted at 113 Wn. App. 1013, 2002 WL 1880768.

On remand, the trial court resentenced Mr. Cranshaw in 2002 on the counts involving S.H. Using an offender score of 1.5, the court imposed a sentence of 136 months for count VII

(first degree rape), and using an offender score of 0, the court imposed a sentence of 123 months on count VIII (first degree rape), imposing the sentences consecutively for a total sentence of 256 months. For count X (harassment of S.H.), the court imposed a concurrent sentence of 12 months using an offender score of 2.

At a 2003 retrial on the charges involving B.B., a second jury found Mr. Cranshaw guilty of counts II, III, and IV (first degree rape), and count VI (harassment). On October 3, 2003, under the same cause number as the 2002 judgment and sentence, the court sentenced Mr. Cranshaw on these retried convictions. Using offender scores of 8, 8, 8, and 2, respectively, the court imposed a single sentence of 277 months on counts II, III, and IV (treating them as the same criminal conduct and therefore one crime) and 16 months on count VI, concurrently. It then ran that sentence consecutive to the sentence imposed in 2002, for a total term under that prosecution of 536 months. The Court of Appeals affirmed on Mr. Cranshaw's second direct appeal, and this court denied review. At the latest, Mr. Cranshaw's judgment and sentence became final in September 2006, when the Court of Appeals issued its mandate. RCW 10.73.090(3)(b).

In May 2019, Mr. Cranshaw filed a personal restraint petition in the Court of Appeals, raising a double jeopardy claim and a claim regarding the calculation of his offender scores. The acting chief judge dismissed the petition, and Mr. Cranshaw filed a motion for discretionary review. Mr. Cranshaw then moved to amend his motion for discretionary review, which this court allowed. Mr. Cranshaw also filed a motion to take judicial notice, providing supplemental information. After the State answered the amended motion for discretionary review, the deputy commissioner issued a ruling rejecting the double jeopardy claim but asking for supplemental

briefing on the offender score issue. The State filed a supplemental answer, and Mr. Cranshaw replied. The deputy commissioner then referred the motion for discretionary review to this department for consideration.

Preliminarily, the motion to supplement is granted, and the double jeopardy claim lacks merit for the reasons stated in the deputy commissioner's ruling. Remaining at issue is whether the judgment and sentence is facially invalid based on the offender score calculation, thus exempting Mr. Cranshaw's personal restraint petition from the one-year time limit. *See* RCW 10.73.090(1). The State concedes that "[i]f all of [Mr. Cranshaw's] convictions had been sentenced on the same day, one of the three rape convictions would have a score of two (for the two felony harassment convictions) and the other two rape convictions would have a score of zero." Suppl. Ans. to Mot. for Discr. Review at 4. Therefore, running the sentences on these serious violent offenses consecutively, a high range total sentence would have been 393 months. *See* former RCW 9.94A.400(1)(b) (1998), *now codified as* RCW 9.94A.589(1)(b) (governing the sentencing of multiple current serious violent offenses).

The State argues that Mr. Cranshaw elected to be sentenced in this manner, with an initial resentencing for one victim and then a second sentencing after the retrial. But the State does not cite any part of the record showing that Mr. Cranshaw knowingly made such an election or requested that the charges be severed. By being sentenced in this manner, Mr. Cranshaw was effectively punished for a direct appeal that succeeded in obtaining a new trial on several of the charges. In these unique circumstances, Mr. Cranshaw has demonstrated that his judgment and sentence is facially invalid and that he is entitled to be resentenced with an offender score calculation determined as if all of the serious violent offense convictions arising out of this single

prosecution constituted multiple current serious violent felonies sentenced in a single proceeding.

Therefore, the motion for discretionary review is granted on the sentencing issue only, and the matter is remanded to the Pierce County Superior Court for resentencing consistent with this opinion.