IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

Respondent,

v.

GABRIEL MORALES,

Respondent.

No. 84262-5-I

DIVISION ONE

UNPUBLISHED OPINION

CHUNG, J. — In 2013, Gabriel Morales was sentenced based on an offender score that included convictions for drug possession. During Blake[1] resentencing, the trial court subtracted the drug possession convictions from Morales's offender score but added additional points for subsequent felony convictions. The recalculated offender score resulted in the same standard range for sentencing, and the court ultimately entered the same term of confinement. Morales appeals, claiming that inclusion of new convictions violates his right to due process and chills his right to appeal. We affirm.

FACTS

In November 2013, Gabriel Morales pleaded guilty to two counts of obtaining a controlled substance by forged or altered prescription. At that time, Morales had an offender score of nine, with three of the points stemming from convictions for

---

[1] In 2021, the Washington State Supreme Court held the drug possession statute unconstitutional and voided all drug possession convictions. State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). Post-Blake, defendants whose offender scores include points for convictions for simple possession must be resentenced based on offender scores recalculated without those convictions. State v. Edwards, 23 Wn. App. 2d 118, 122, 514 P.3d 692 (2022).

possession of a controlled substance. This offender score established a standard range sentence of 12 months and one day to 24 months. The parties entered an agreed recommendation for 18 months of incarceration. The trial court accepted the recommendation and sentenced Morales to 18 months of confinement. Morales did not appeal and has completed his sentence.

Morales was resentenced pursuant to Blake. The parties agreed that removal of the possession convictions decreased Morales's offender score from nine to five.[2] However, at the time of his resentencing, Morales had three new felony convictions from 2017. These subsequent convictions added three points to Morales's offender score, bringing the total to eight. An offender score of eight yielded the same standard sentencing range as at the original sentencing, of 12 months and one day to 24 months. The court sentenced Morales to 18 months of incarceration, the same as his original term of confinement.

Morales appeals.

DISCUSSION

I. Additional Points on Resentencing

Morales argues that inclusion of his subsequent convictions in his offender score on resentencing violated due process, chilled his right to appeal, and undermined the Blake court's commitment to addressing institutional racism.

---

[2] According to his conviction history, Morales had three convictions for possession and one conviction for delivery of a controlled substance prior to his November 2013 conviction. Although only the possession convictions were required to be removed under Blake, the court and parties agreed to reduce his offender score to five.

A.    Due Process and the Right to Appeal

The United States Constitution and the Washington Constitution prohibit the state from depriving anyone of life, liberty, or property without due process of law. U.S. CONST. amend. XIV; CONST. art. I, § 3. Washington's due process right is coextensive with the federal right. In re Pers. Restraint of Dyer, 143 Wn.2d 384, 394, 20 P.3d 907 (2001). According to Morales, inclusion of subsequent convictions in a Blake resentencing violates due process by chilling the right to appeal because he "must either forego his right to correct errors through the appeal process, or vindicate his rights and be penalized for it."

Penalizing a defendant for successfully pursuing the right to appeal or a collateral remedy violates due process. State v. Brown, 193 Wn.2d 280, 288, 440 P.3d 962 (2019). However, "[t]he due process clause is not offended by all possibilities of increased punishment upon retrial after appeal but only those that pose a realistic likelihood of vindictiveness." Id. at 294. The presumption of vindictiveness "does not arise when the total sentence upon resentencing is not greater than the original sentence imposed." Id. at 293-94.

This same due process claim regarding a Blake resentencing was rejected in State v. Harris, No. 83341-3-I, slip op. at 4-9 (Wash. Ct. App. Feb. 6, 2023) (unpublished) https://www.courts.wa.gov/opinions/pdf/833413.pdf.[3] There, Harris pointed to nothing in the record reflecting any likelihood of vindictiveness by the trial court. Id. at 6. Also relevant here, the trial court in Harris "imposed the *same sentence* it

_____

[3] While Harris is not binding on us, we find its reasoning persuasive and may properly cite and discuss it as "necessary for a reasoned decision." GR 14.1(c).

imposed before, not a harsher one." Id. For these reasons, the Harris court held that "Harris's due process claim fails." Id.

Similarly, here, Morales has not provided any evidence of vindictiveness during resentencing. At the resentencing, the superior court followed the Sentencing Reform Act of 1981 (SRA) provision that "[p]rior convictions that were not included in criminal history or in the offender score shall be included upon any resentencing to ensure imposition of an accurate sentence." RCW 9.94A.525(22). And even including the subsequent convictions, Morales received the same standard range sentence as in the original sentence.[4] Without a greater sentence or any indication of vindictiveness by the trial court, Morales's due process claim fails.

Morales also claims that recalculating an offender score to include subsequent convictions violates due process by chilling the exercise of his constitutional right to challenge his sentence. In support, Morales cites State v. Sims, 171 Wn.2d 436, 440, 256 P.3d 285 (2011), and In re Pers. Restraint of Cranshaw, 196 Wn.2d 325, 326, 472 P.3d 989 (2020). Both cases, however, are distinguishable.[5] In Sims, the defendant received a SSOSA[6] and appealed as unconstitutional a community custody condition imposed as part of the sentence. 171 Wn.2d at 440. The State conceded the error and without filing a cross-appeal, raised the issue of whether the superior court should be allowed to reconsider the defendant's SSOSA during resentencing. Id. Division Two

---

[4] The majority in Brown held that in making this determination, a court looks to the "total aggregate" of prison time imposed at the two sentencing hearings, rather than the "aggregate remainder" approach, in which the comparison is between the remaining sentence once the dropped convictions are factored out and the new sentence. 193 Wn.2d at 290-91, 293-94.

[5] The same arguments were addressed and rejected in Harris, No. 83341-3-I, slip op. at 5-10.

[6] Special Sex Offender Sentencing Alternative.

accepted the concession and remanded for resentencing, stating that the trial court could either reimpose the SSOSA with a corrected condition or deny the SSOSA altogether. Id. at 441. On review, the Washington Supreme Court relied on RAP 2.4(a), [7] to hold that the court had erred in remanding for a full resentencing. Id. at 449. The court characterized the State's request to revoke the SSOSA as affirmative relief, and concluded that the necessities of the case did not require such relief. Id. at 443-44. The court also noted the chilling effect on the defendant's constitutional right to appeal, stating that the court of appeals had "undervalued how compelling Sims's argument about the chilling effect is." Id. at 448. The court reasoned, "Because SSOSA sentences are of such high value to defendants, they would be unlikely to risk appealing even abhorrently unlawful or unconstitutional sentencing conditions for fear of risking the underlying SSOSA sentence." Id. at 447.

In Cranshaw, the defendant was found guilty and sentenced on several convictions relating to victims B.B. and S.H. 196 Wn.2d at 326. The appellate court reversed the convictions as to B.B. and remanded for a new trial. Id. at 326. As to S.H., however, the court affirmed the convictions, so Cranshaw was resentenced on the affirmed counts. Id. On retrial, a jury convicted the defendant for the crimes against B.B., and he was sentenced separately for those convictions. Id. at 327. As a result of the separate sentencings, the defendant received a substantially longer sentence than he would have had he been sentenced on all of the convictions on the same day. Id. The Washington Supreme Court granted Cranshaw's personal restraint petition, holding

---

[7] RAP 2.4(a) states that the appellate court will grant affirmative relief to a respondent who has not filed a notice of cross-appeal only "if demanded by the necessities of the case."

that the "unique circumstances" warranted resentencing as if all convictions were sentenced in a single proceeding, because he "was effectively punished for a direct appeal that succeeded in obtaining a new trial." Id. at 328.

In both Cranshaw and Sims, successful appeals led to imposition or threat of a harsher sentence on remand without additional criminal conduct by the defendant. The result was a potential chilling of the constitutional right to appeal. Unlike in Cranshaw and Sims, Morales's successful appeal did not lead to the imposition or threat of a harsher sentence on remand without additional criminal conduct by the defendant. Rather, Morales engaged in subsequent criminal activities resulting in additional convictions. His sentences consequently remained the same, despite reduction of his offender score under Blake, because he had additional convictions that were included in scoring pursuant to RCW 9.94A.525(22). On this record, Cranshaw and Sims are inapposite.

Morales contends that even if RCW 9.94A.525(22) "appears to allow the court to enter points for post-sentencing convictions,"[8] he has the right to challenge his unconstitutional convictions and sentence "without a statute chilling his right to bring these challenges." Morales correctly notes that courts construe statutes to avoid constitutional doubt. See Blake, 197 Wn.2d at 188. However, as the above discussion shows, there is no "chilling" effect here because Morales did not receive a harsher sentence on resentencing. Morales also fails to provide an alternative interpretation of

---

[8] RCW 9.94A.525(1)(a) states that "[a] prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed." The court in State v. Collicott, interpreting the predecessor statute that contained the same language as RCW 9.94A.525(1), held that a conviction after the first sentencing but prior to resentencing was properly counted as a prior offense. 118 Wn.2d 649, 653, 827 P.2d 263 (1992).

RCW 9.94A.525(22) and legal argument in support, nor is any such alternative interpretation apparent here.[9] Under the arguments as presented, Morales's resentencing did not violate due process.

B.    Undermining Commitment to Address Institutional Racism

Morales argues that including subsequent convictions in offender scores undermines the Blake court's attempt "to remedy racially disparate drug enforcement practices and the compounding effect this disparity has in future sentencing." Blake acknowledged that court decisions and "[t]he drug statute that they interpreted ha[ve] affected thousands upon thousands of lives, and its impact has hit young men of color especially hard." 197 Wn.2d at 192. This statement came in the context of the court's explanation that the legislature was not ignorant of prior decisions construing the simple drug possession statute as lacking a required mens rea. Id. at 191-92. The court noted the racial impact of the simple possession statute and held the statute unconstitutional, but made no comment on the parameters for resentencing in light of the decision.

We are likewise mindful of the racially disproportionate impact of the drug possession statute and the importance of recognizing structural and institutional racism in sentencing. But Morales has not provided argument or authority as to why these unfortunate statistics mandate a different approach in Blake resentencings generally, or, specifically, in calculating an offender score. Any changes to the SRA must come from

---

[9] "[P]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Joy v. Dep't of Labor & Indus.,170 Wn. App. 614, 629, 285 P.3d 187 (2012) (internal quotation marks omitted) (internal citation omitted); RAP 10.3(a)(6). Relevant here, Morales makes no argument that the term "prior conviction" in RCW 9.94A.525(1) or (22) can or should be interpreted differently in a resentencing or that the "date of sentencing" can or should be read to refer to the original sentencing, not the resentencing.

the legislature. In re Pers. Restraint of Forcha-Williams, 200 Wn.2d 581, 590-92, 520 P.3d 939 (2022).

II. Statement of Additional Ground (SAG)

Morales also filed a SAG in which he argues that his 2013 guilty plea was involuntary because his offender score was improperly calculated in light of Blake. Morales originally raised this issue in superior court as a motion to vacate his plea. The court correctly transferred the motion to this court for consideration as a personal restraint petition as required by CrR 7.8(c)(2). This court reviewed the petition and dismissed it as untimely. The Washington State Supreme Court declined review on January 20, 2023. On April 10, 2023, this court's order terminating review became final. Our prior order is and remains dispositive on this point. We will not permit Morales to revisit the issue of the voluntariness of his plea agreement in this direct appeal.

Affirmed.

_Chung, J._

WE CONCUR:

_Feldman, J._          _Birk, J._